UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JEREMIAH HAMM | : | CIVIL ACTION |
| 64 Kinderhook Street | : | |
| Chatham, NY 12037 | : | |
| | : | NO. |
| v. | : | |
| NATIONAL RAILROAD PASSENGER | : | |
| CORPORATION (AMTRAK) | : | JURY TRIAL DEMANDED |
| 1 Massachusetts Avenue NW | : | |
| Washington, D.C. 20002 | : | |

## COMPLAINT

1. The plaintiff herein is Jeremiah Hamm, a citizen and resident of the State of New York, residing at 64 Kinderhook Street, in Chatham, New York.

2. The action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, Sec. 51 *et seq*., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act".

3. Defendant, National Railroad Passenger Corporation (hereinafter referred to as "Amtrak"), is a corporation duly organized and existing under and by virtue of the laws of the District of Columbia with its principle place of business at the above address, and which regularly does business in the District of Columbia and through the United States of America.

4. All the acts alleged to have been done or not to have been done by the Defendant were done or not done by the Defendant, its agents, servants, workmen and/or employees acting in the course and scope of its employment for and on behalf of the Defendant.

5. At all time material hereto, Plaintiff was employed by Defendant.

6. All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the Defendant, its agents, servants and/or employees.

7. At the time and place hereinafter mentioned, the acts of omission and commission causing the injuries to the plaintiff were done by the defendant, its agents, servants and/or employees, acting in the course and scope of their employment with and under the control of the defendant.

8. On April 30, 2020, and for some time prior thereto, plaintiff was employed by defendant, National Railroad Passenger Corporation, and on that date, in the performance of his duties, he was caused to sustain the serious, permanent, and painful personal injuries, more particularly hereinafter described.

9. Plaintiff was assigned to accompany Amtrak Manager Evan Whatley in his testing of the hilltop of the property 76 Linlithgo Station Road in Germantown, New York.

10. Amtrak's erosion wall at the bottom of "108 slope" (milepost 108.3) was collapsing from water runoff from the hilltop of property 76 Linlithgo Station Road.

11. Plaintiff had requested to access the hilltop via the property's road as the slope of hill 108 was steep (over 45 degrees), water soaked, and covered with wet grass. The footing was treacherous.

12. Amtrak management denied Plaintiff permission to use the access road.

13. Plaintiff accompanied Mr. Whatley onto the hillside walking and testing on the border of property 76 Linlithgo Station Road along a path chosen by Mr. Whatley.

14. After completing his tests, Mr. Whatley gave Plaintiff his tools to carry down the slope. The rain had begun to pour and cold.

15. As Plaintiff was walking, the slope gave way under his feet, and he heard his left leg and ankle crack. He collapsed.

16. Plaintiff received emergency care and follow-up treatment. He was diagnosed with polytrauma to the left tibia, fibula, and ankle structures as well as connective ligaments and tendons that has required multiple surgeries. He may need additional medical care in the future.

17. As a result of these injuries, Plaintiff suffered a loss of earnings.

18. Plaintiff has been advised that the above may be permanent in nature.

19. As a result of the aforesaid, Plaintiff had incurred a physical impairment which prevented Plaintiff from performing all or substantially all of the material acts and duties which constitute his usual and customary work and limited his mobility and daily activities as well as enjoyment of life.

20. As a result of defendant's negligence and the injuries, Plaintiff has suffered the loss or reduction of enjoyment of life experienced and that with reasonable probability will be experienced in the future.

21. As a result of defendant's negligence and the injuries, Plaintiff has suffered mental, physical, emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

22. As a result of defendant's negligence and the injuries, Plaintiff may need future medical care, treatment, and services.

**WHEREFORE**, Plaintiff claims all remedies available under the Federal Employer's Liability Act (FELA).

**KELLER AND GOGGIN, P.C.**

By:   */s/ James M. Duckworth*
JAMES M. DUCKWORTH, ESQUIRE
D.C. Bar Id. #PA0058
jduckworth@keller-goggin.com

Keller & Goggin, P.C.
1420 Walnut Street, Suite 1108
Philadelphia, PA 19102
(215) 735-8780
(215) 735-5126

4